NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY ANGERS,<br><br>                Plaintiff,<br><br>   v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>                Defendant. | Civ. No. 14-4701<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter is before the Court upon Defendant Pennymac Loan Services, LLC's motion to dismiss the complaint. (Docket No. 8). Plaintiff Mary Angers opposes this motion. (Docket No. 10). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's motion is granted, and Plaintiff's complaint is dismissed with prejudice.

**BACKGROUND**

      Plaintiff's allegations are as follows: Plaintiff is a homeowner residing in Long Branch, New Jersey. (Docket No. 1 at ¶ 6). In September 2007, Plaintiff executed a mortgage with Wells Fargo Bank, N.A. (*Id*. at ¶ 9). At origination, the loan was an interest only mortgage with a five-year, adjustable rate of 6.75% on a principal balance of $560,000. (*Id*. at ¶ 25). In September 2011, Plaintiff fell upon financial hardship due to her mother's illness and sought to modify her mortgage repayment contract with Defendant. (*Id*.). Defendant is a mortgage servicer company. (*Id*. at ¶ 7). At the time, Plaintiff believed that Defendant was the mortgage servicer of her

mortgage and had the authority to modify her repayment contract. (*Id*. at ¶ 25). Defendant, through its representative, offered Plaintiff an oral modification whereby her principal would be reduced to $460,000 and her loan would be restructured from an interest only mortgage to a five-year, adjustable rate mortgage at 6.75%. (*Id*. at ¶ 26). Plaintiff accepted this offer. (*Id*.). Sometime thereafter, however, Defendant sent Plaintiff a written modification offer that contained terms that were less favorable to Plaintiff and refused to honor the terms of the oral modification. (*Id*. at ¶¶ 28-29). Plaintiff nonetheless accepted the written modification offer. (*Id*. at ¶ 37). Plaintiff filed this complaint on July 28, 2014, seeking declaratory and injunctive relief, as well as damages, stemming from Defendant's actions with regard to the modification of Plaintiff's mortgage. (*Id*.). Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss all of Plaintiff's claims.

## **LEGAL STANDARD**

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept all of plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211. It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action. *Id*. at 210.

## ANALYSIS

I.      **Plaintiff's Claim for Violations of the HAMP**

Plaintiff's first claim is for "Violation of Federal Guidelines & Regulations under the HAMP Program." HAMP, or the Home Affordable Modification Program, is a "foreclosure mitigation program managed jointly by the Department of the Treasury and the Department of Housing and Urban Development" that "does not provide a private right of action." *Sinclair v. Citi Mortgage, Inc.*, 519 Fed. Appx. 737, 738 (3d Cir. 2013); *see also Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 559 n.4 (7th Cir. 2012). Plaintiff has cited no case that supports the existence of a private right of action under the HAMP; accordingly, Plaintiff's claim in Count One will be dismissed.

II.      **Plaintiff's Claim for Violations of the FDCPA**

Plaintiff has alleged that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") (specifically, 15 U.S.C. § 1692e) by telling Plaintiff in September 2011 that it had the authority to make a modification to her loan when it did not have such authority. (Docket No. 1 at 10-11). Assuming that Plaintiff's allegations are true, they are nonetheless time-barred because the statute of limitations for a claim under the FDCPA is one year. *See* 15 U.S.C. § 1692k(d). Plaintiff attempts to argue that Defendant has an opportunity to correct its noncompliance with the FDCPA (though it does not state how) each month before Plaintiff makes a mortgage payment, and the statute of limitations for any FDCPA claim is thus restarted every month. (Docket No. 10 at 5). However, Plaintiff cites no precedent supporting this theory, and, in fact, the Third Circuit has rejected the "last opportunity to comply with the Act" approach in a similar case. *See Glover v. FDIC*, 698 F.3d 139, 150 (3d. Cir. 2012). In that case the Third Circuit ruled that the plaintiff's FDCPA claim began to accrue when the mortgage modification agreement was signed and the

debt collector's statement became "objectively false." *Id*. Applying that principle here, it is clear that Plaintiff's FDCPA claim, if there is such a valid claim, would have arisen in September 2011 when Defendant represented that it had authority to make a loan modification. Plaintiff did not file her complaint until July 28, 2014, which is well outside the one-year limitations period for a FDCPA, and so Plaintiff's claims in Count Two will be dismissed.

**III.     Plaintiff's Claims for Fraud and for Violations of the NJCFA**

Plaintiff alleges that the modification negotiations that Defendant engaged in with her amounted to fraud. The elements for a fraud claim under New Jersey law are "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 691 (1997)). Additionally, Plaintiff must meet the "stringent pleading restrictions of Rule 9(b), Fed.R.Civ.P." in order to maintain a fraud claim. *Id*. Rule 9(b) instructs, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order to satisfy Rule 9(b)'s standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. Plaintiff has not alleged any of the circumstances surrounding Defendant's alleged fraud with particularity; there is essentially no factual support of Plaintiff's fraud claim. Plaintiff's bare allegations are "precisely the type of 'naked assertions devoid of further factual enhancement' that is insufficient to state a claim." *See Haley v. AMS Servicing, LLC*, 2014 WL 2602044 at *10 (D.N.J. June 11, 2014). Accordingly, Count Three will be dismissed.

Plaintiff's claim that Defendant violated the New Jersey Consumer Fraud Act ("NJCFA") is essentially identical to Plaintiff's fraud claim. (*See* Docket No. 1 at 12-14). A claim under the NJCFA is subject to the same heightened pleading standards as those established by Rule 9(b). *See FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994); *Harnish v. Widener Univ. School of Law*, 931 F. Supp. 2d 641, 647 (D.N.J. 2013). Just as Plaintiff's fraud claim fails to meet Rule 9(b)'s standard, so, too, does Plaintiff's NJCFA claim, and Count Five will be dismissed as well.

## VI.    Plaintiff's Contract-Based Claims

Plaintiff makes a wide variety of contract-based claims against Defendant, the first of which is a simple breach of contract claim. (Docket No. 1 at 13-17). Plaintiff bases her breach of contract claim on the theory that Defendant's representative orally offered her the modification contract, that she agreed to those terms, that a contract was thus formed, and that Defendant subsequently breached that contract when it sent her paperwork containing less favorable terms and refused to honor the oral modification offer. (*Id*. at 14-15). Defendant opposes this claim on the grounds that New Jersey's Statute of Frauds requires the modification of a mortgage to be in writing. (Docket. No. 8 at 11). However, Defendant is incorrect: N.J.S.A 25:1-13, the statute that Defendant correctly identifies as the codification of the Statute of Frauds, states:

> An agreement to transfer an interest in real estate or to hold an interest in real estate for the benefit of another shall not be enforceable unless: . . . (b) a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement and the identity of the transferor and the transferee are proved by clear and convincing evidence.

Accordingly, Plaintiff can prove that there was an oral modification to her mortgage repayment plan if she is able to do so with clear and convincing evidence. *See Coastal Group, Inc. v. Westholme Partners*, 1996 WL 33545605 at *5 (D.N.J. 1996) (discussing the statutory amendments to the New Jersey Statute of Frauds that allow oral real estate contracts to be proved

with clear and convincing evidence). Whether or not Plaintiff is able to prove the existence of the alleged oral modification contract with clear and convincing evidence is not a matter to be determined on a motion to dismiss, but instead should be reserved until at least the summary judgment stage. *See id.*; *Garruto v. Cannici*, 2011 WL 2409912 at *5 (Sup. Ct. App. Div. 2011) (granting summary judgment against a plaintiff who asserted the existence of an oral modification to a mortgage agreement because he was not able to meet the clear and convincing evidence standard of N.J.S.A 25:1-13(b)).

Here, Plaintiff has alleged the bare minimum of facts needed to establish a breach of contract claim: she asserts that Defendant's representative offered her a mortgage modification that was specific enough to constitute a valid contract; that she accepted this modification; that Defendant breached this agreement by refusing to honor the terms of the modification; and that she was injured because the oral modification contract included terms more favorable to her than either the original repayment plan or the written modification contract. *See Sheet Metal Works Intern. Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (stating that the elements for a breach of contract claim under New Jersey law are: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages"). Accordingly, Defendant's motion will be denied with regard to Count Six.

Plaintiff also claims that Defendant breached the implied covenant of good faith and fair dealing by reneging on the oral modification agreement. (Docket No. 1 at 15). It is well established that "every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997). The covenant of good faith and fair dealing has been applied in three contexts: (1) to permit "the inclusion of terms and

conditions which have not been expressly set forth in the written contract;" (2) "to allow redress for the bad performance of an agreement even when the defendant has not breached any express term;" and (3) "to permit inquiry into a party's exercise of discretion expressly granted by a contract's terms." *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 257 (Sup. Ct. App. Div. 2002). If, as discussed above, Plaintiff can prove that there was a valid oral modification contract, such a contract would contain an implied covenant of good faith and fair dealing, which Defendant may have breached by refusing to honor that deal.  Taking Plaintiff's allegations as true, Defendant's conduct could conceivably be construed as fitting into any of the three categories covered by the implied covenant of good faith and fair dealing.  As such, Plaintiff's claim under Count Seven should not be dismissed at this stage.

Plaintiff's claims for promissory estoppel, breach of implied contract and quantum meruit, however, must be dismissed.  The New Jersey Supreme Court stated, "The traditional elements of promissory estoppel require the party to show that there has been '(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment.'" *Segal v. Lynch*, 211 N.J. 230, 253 (2012) (quoting *Toll Bros., Inc. v. Bd of Chosen Freeholders of the Cnty. of Burlington*, 194 N.J. 223, 252 (2008)).  Stated another way, to maintain a promissory estoppel claim, a promisor must make a promise to induce the promisee to take a certain action; the promisee must take that action in reliance on the promise; and the interest of justice can only be served by enforcing the promise against the promisor. *See Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990).  Even accepting Plaintiff's allegations as true, a claim for promissory estoppel cannot stand because Plaintiff has not alleged that she took any action in reliance of a promise made by Defendant.  If Plaintiff had given up some right to continue with her then-existing mortgage repayment plan based on

Defendant's offer of the modification contract, then perhaps she would have had a claim for promissory estoppel. But by Plaintiff's own allegations, she could have rejected the written modification contract and continued with the original mortgage contract (Docket No. 1 at 6), and so Count Four will be dismissed.

Plaintiff also claims breach of implied contract. (Docket No. 16). Under New Jersey law, "the constructive or quasi-contract is the formula by which enforcement is had of a duty to prevent unjust enrichment or unconscionable benefit or advantage." *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000) (quoting *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226 (3d Cir. 1983). Notably, "recovery based on a quasi-contract theory is mutually exclusive of a recovery based on a contract theory." *Id.* Plaintiff's only plausible claim of relief is based on there having been a valid oral modification contract between Defendant and Plaintiff that Defendant breached, after which Plaintiff and Defendant entered into the written modification contract, which was less favorable to Plaintiff. If Plaintiff had alleged that Defendant offered her a modification contract, which she accepted, made payments towards, and that Defendant then refused to honor the modification contract, she would perhaps have a claim based on an implied contract theory. However, Plaintiff has clearly alleged that Defendant offered her a modification contract, that she accepted that contract, and that Defendant then breached that contract; accordingly, Plaintiff cannot maintain a claim for breach of implied contract, and Count Eight will be dismissed.

Plaintiff's final claim is for quantum meruit. (Docket No. 1 at 16-17). "Quantum meruit is a form of quasi-contract that enables the performing party to recover the reasonable value of the services rendered." *Canadian Nat. Ry. v. Vertis, Inc.*, 811 F. Supp. 2d 1028, 1033 (D.N.J. 2011) (citing *Weichert Co Realtors v. Ryan*, 128 N.J. 427, 437–38 (1992)). The elements of a quantum

meruit claim are "(1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefore; and (4) the reasonable value of the services." *Id.* (citing *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002)).  Plaintiff has not alleged that she performed any services for Defendant, and so a claim for quantum meruit is entirely infeasible.  Count Nine will be dismissed.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss will be granted as to Counts One, Two, Three, Four, Five, Eight, and Nine, and denied as to Counts Six and Seven.  An appropriate order will follow.


　　　　　　　　　　　　　　　　　　　　　　*/s/Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.