NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY ANGERS,

           Plaintiff,

   v.

PENNYMAC LOAN SERVICES, LLC,

           Defendant.

Civ. No. 14-4701

OPINION

THOMPSON, U.S.D.J.

    This matter is before the Court upon the Motion to Amend of Plaintiff Mary Angers ("Plaintiff") (Doc. No. 19). Plaintiff seeks leave from the Court to file an Amended Complaint stating claims against a third-party, Wells Fargo Bank, N.A. ("Wells Fargo") and stating new facts to support her claims of fraud and violations of the New Jersey Consumer Fraud Act ("NJCFA") against Defendant Pennymac Loan Services, LLC ("Pennymac"), which were dismissed by the Court in an earlier order. Pennymac opposes. (Doc. No. 21). For the following reasons, Plaintiff's Motion will be denied.

## BACKGROUND

    The facts of the case as alleged by Plaintiff are as follows. Plaintiff executed a mortgage with Wells Fargo in 2007 to purchase a home in Long Branch, New Jersey, and she has modified that original agreement three times: once in 2010 with Wells Fargo, once via oral modification in 2011 with Pennymac, which had become the mortgage servicer by that point, and another time in 2012 with Pennymac.

Plaintiff filed the original Complaint (the "OC") in this suit on July 28, 2014. The OC stated a number of causes of action, including breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and violations of the NJCFA. The focus of the contract claims was the 2011 oral modification. Plaintiff alleged that Pennymac offered her a favorable modification over the phone, which she accepted; however, Pennymac then refused to honor those terms and would only offer Plaintiff less favorable terms, which Plaintiff eventually accepted in 2012. Plaintiff alleged no specific facts to support her claims for fraud and violations of the NJCFA in the OC.

Pennymac moved to dismiss the OC, and, on November 14, 2014, this Court dismissed all of Plaintiff's claims except her contract claims. The parties then began the discovery process. In the course of discovery, Plaintiff became aware of the fact that certain sums had been added to her principal she owed on the loan in the 2010 and 2012 modifications for late payments. Plaintiff asserts that she was current on all her payments except for a few months when she was instructed by an unnamed person that she should cease making payments. Plaintiff now seeks to submit an Amended Complaint (the "AC") reviving her fraud and NJCFA claims against Pennymac using these additions of principal to support those claims. She also seeks to state fraud and NJCFA claims against Wells Fargo for the addition of principal in the 2010 modification.

## LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) states "a party may amend its pleadings only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." However, a court may deny leave to amend "if amendment would be futile. . . . An amendment is futile if the amended complaint would not survive a motion to dismiss for failure

to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998), *rev'd on other grounds*, 525 U.S. 459 (1999)). Thus, a court assesses an amendment under the familiar Fed. R. Civ. P. 12(b)(6) standard—whether the well-pleaded facts alleged in the complaint, construed in the light most favorable to the plaintiff, meet the elements of the cause of action and show that the plaintiff has stated a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir. 2009). Other grounds upon which a court may deny leave to amend are "undue delay, bad faith, dilatory motive, [and] prejudice" to the non-moving party. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

## ANALYSIS

As discussed in the Court's November 24, 2014 Opinion, Fed. R. Civ. P. 9(b)'s stringent pleading standard applies to both claims of fraud and violations of the NJCFA. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994). "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." *In re Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). The Third Circuit has instructed that Rule 9(b)'s particularity standard means "that the plaintiffs must plead the 'who, what, where, when, and how: the first paragraph of any newspaper story." *In re Great Atlantic & Pacific Tea Co., Inc. Sec. Litig.*, 103 Fed. App'x 465, 469 (3d. Cir. 2004) (quoting *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d. Cir. 1999)).

Here, Plaintiff has not alleged any specific facts relating to the misrepresentations of how much principal she owed or whether she should cease making payments. Accordingly, Plaintiff has not properly alleged facts to meet the Rule 9(b) standard for either a fraud claim or a NJCFA claim, and so amendment would be futile. The Court will deny Plaintiff's Motion to Amend.

Additionally, there is no reason to believe that Plaintiff did not have access to documents showing that her principal was increased in the 2010 and 2012 modifications before discovery or even at the filing of the OC; in fact, these additions appear on the face of the modification agreements which Plaintiff herself signed. (*See* Doc. No. 19-1, Byrnes Cert., Ex. B at 1; Doc. No. 19-1, Byrnes Cert., Ex. C at 4). Where a plaintiff already had the information that would form the basis of an amendment, courts have been unwilling to allow the amendment because the motion is unduly delayed and amendment would prejudice the defendants by requiring further discovery and delaying resolution of the case. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 940 (4th Cir. 1995); *see also*, *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990). Here, Plaintiff waited until the very end of discovery to amend her complaint to revive her fraud-based claims and add a third-party defendant, which would have turned what is a straight-forward contract case into a much more complicated case requiring much more discovery. Plaintiff offers no reason for why she did not use the facts that she has now become aware of—the increases in the principal she owed under the 2010 and 2012 modifications—to support her allegations in the OC. As stated above, Plaintiff's claims in the AC are futile, and, under this analysis, the Court also finds that amendment would cause undue delay and be unfairly prejudicial to Pennymac.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Amend is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
