NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY ANGERS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>　　　　　　Defendant. | Civ. No. 14-4701<br><br>OPINION |

THOMPSON, U.S.D.J.

　　This matter is before the Court upon the Motion for Reconsideration of Plaintiff Mary Angers ("Plaintiff") (Doc. No. 25). Plaintiff seeks reconsideration from the Court of its May 11, 2015 Order (the "Order") denying Plaintiff leave to file an amended complaint. (Doc. No. 24). Defendant Pennymac Loan Services, LLC ("Pennymac") opposes. (Doc. No. 26). For the following reasons, Plaintiff's Motion will be denied.

　　A party moving for reconsideration of the denial of a motion must present "newly discovered evidence or legal precedence . . . [or] demonstrate the need to correct a clear error of law or fact to prevent manifest injustice." *Harrison v. Miller*, 248 Fed. App'x 445, 448 (3d Cir. 2007) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Plaintiff admits she is moving for reconsideration on the grounds that the Court erred in denying her motion to file an amended a complaint. Plaintiff argues that she put forward facts with sufficient specificity to meet Federal Rule of Civil Procedure 9(b)'s particularity standard for the fraud and New Jersey Consumer Fraud Act ("NJCFA") claims she sought to state in an amended

1

complaint. Additionally, Plaintiff argues that the Court was incorrect in stating that she had access to the documents and information which formed the basis of the new fraud and NJCFA claims before receiving those documents in discovery.

The Court is unpersuaded that it committed an error in finding that Plaintiff's new fraud and NJCFA claims failed to meet Rule 9(b)'s particularity standard. Plaintiff argues that paragraphs 33–45 from the proposed Amended Complaint contain the necessary information to satisfy that standard. "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damages." *In re Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). None of these paragraphs contain any allegations identifying a particular person who made false statements to Plaintiff. *See Thomas v. Chase Bank*, 2010 WL 1948266 at *2 (E.D. Pa. May 14, 2010) ("Plaintiffs have not identified a person who made misrepresentations to them."). Furthermore, there are no specific allegations establishing that the person who communicated the allegedly false information to Plaintiff knew that the information was false—there are only conclusory statements that the "two lenders" (Pennymac and proposed Defendant Wells Fargo Bank, N.A.) knew that the statements were false. While Rule 9(b) allows state of mind to be "averred generally, plaintiffs must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). As Plaintiff has failed to identify the individuals who allegedly committed fraud against her, she has also failed to allege any facts showing a basis for inferring that those individuals acted with scienter.

The Court also notes that Plaintiff seems to misconstrue the Opinion denying the Motion to Amend as somehow stating that Plaintiff cannot base a fraud claim on documents that she had at the time the fraud was committed. This assertion is incorrect: the Court stated "there is no reason to believe that Plaintiff did not have access to documents showing that her principal was increased in the 2010 and 2012 modifications before discovery or even at the filing of the [original Complaint]." (Doc. No. 23, Op., at 4). The Court's point in that paragraph is that because these additions of principal were stated on the face of the modifications that Plaintiff herself signed, Plaintiff had access to that information in the period leading up to the filing of the original Complaint. The Court then pointed to legal precedent holding that, under certain circumstances, courts may disallow amendments where the party seeking the amendment had access to the information forming the basis of the amendment beforehand. The key period of inquiry here is the time before the Complaint was filed, not the period contemporaneous with the alleged commission of fraud.

For the reasons discussed above, Plaintiff's Motion for Reconsideration is denied. An appropriate order will follow.

          */s/ Anne E. Thompson*
          ANNE E. THOMPSON, U.S.D.J.