NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANGERS,<br><br>             Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>             Defendant. | Civ. No. 14-4701<br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter has come before the Court on Defendant's Motion for Summary Judgment. (ECF No. 31). Plaintiff opposes the Motion. (ECF No. 33). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion will be granted.

BACKGROUND

Plaintiff, Ms. Mary Angers, filed a complaint against defendant Pennymac Loan Services, LLC in July 2014. (ECF No. 1). Defendant moved to dismiss. (ECF No. 8). On November 21, 2014 this Court dismissed all counts in Plaintiff's complaint except for Counts Six and Seven. (ECF No. 14). The remaining counts are for breach of contract, and breach of the implied covenant of good faith and fair dealing. (ECF No. 1 at ¶¶ 76–88). Defendant now moves for summary judgment on these remaining claims. (ECF No. 31).

Plaintiff's allegations are as follows: Plaintiff is a homeowner residing in Long Branch, New Jersey. (ECF No. 1, Compl., at ¶ 6). In September 2007, Plaintiff executed a mortgage with Wells Fargo Bank, N.A. (*Id*. at ¶ 9). At origination, the loan was an interest only mortgage

1

with a five-year, adjustable rate of 6.75% on a principal balance of $560,000. (*Id*. at ¶ 25). In September 2011, Plaintiff fell upon financial hardship due to her mother's illness and sought to modify her mortgage repayment contract with Defendant. (*Id*.). Defendant is a mortgage servicer company. (*Id*. at ¶ 7). Defendant, through its representative, offered Plaintiff an oral modification whereby her principal would be reduced to $460,000 and her loan would be restructured from an interest only mortgage to a five-year, adjustable rate mortgage at 6.75%. (*Id*. at ¶ 26). Plaintiff accepted this offer. (*Id*.). Defendant advised Plaintiff to stop making loan payments until the modification could be finalized. (ECF No. 33, Pls.' Opp'n Br., at 3). Plaintiff stopped making loan payments and subsequently received a letter threatening foreclosure. (*Id*.). Defendant then sent Plaintiff a written modification offer that increased the principal balance to $640,000, and refused to honor the terms of the oral modification. (ECF No. 1, Compl., at ¶¶ 28-29). Fearing foreclosure, Plaintiff accepted the written modification offer. (*Id*. at ¶ 37).

In her brief opposing summary judgment, Plaintiff relies on a recorded message to show that PennyMac and Plaintiff had a previous oral agreement that established a lower principal. (ECF No. 33, Pls.' Opp'n Br., at 6). The speaker in the message identifies herself as a PennyMac employee, and states that there "originally was a forbeared amount when you got your trial decision . . . [but] there's not a need to forbear any of the principal balance to actually get your payment where it needs to be. And your payment should actually be the same amount, I don't think there was any change on that." (ECF No. 33, Exhibit B).

## LEGAL STANDARD

A district court shall grant a motion for summary judgment as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, summary judgment is

appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1), (4); *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment has made the initial showing of the basis of the motion, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F.App'x 56, 58 (3d Cir. 2011) (citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleading and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

## ANALYSIS

Plaintiff's two remaining claims are for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 13, Mot. Dismiss Op., at 6–7). Both claims

require a valid agreement.  *Cargill Global Trading v. Applied Development Co.*, 706 F. Supp. 2d 563, 579 (D.N.J. 2010) (stating that a valid contract is the first element of a breach of contract claim), *Stolba v. Wells Fargo & Co.*, 2011 WL 3444078, at *4 (D.N.J. Aug. 8, 2011) (stating that a breach of an implied covenant of good faith and fair dealing requires an enforceable contract).  Plaintiff states that she had entered into an oral agreement with Defendant to reduce the principal of her mortgage.  (ECF No. 1, Compl., at ¶ 26).

The Court need not reach the parties' statute of frauds and parole evidence arguments because Plaintiff fails to offer "specific facts" about the oral agreement that could reveal a genuine issue for trial.  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).  Plaintiff does not state when exactly the oral agreement was made, the name of the representative she spoke to, or any new terms the parties agreed to besides the significant principal reduction.  (ECF No. 1, Compl., at ¶ 26).  While the recorded message mentions a "trial decision" that included a temporarily forbeared amount, the message does not mention an oral modification or a change to the principal balance.  (ECF No. 33, Exhibit B).  Rather, the speaker states that she does not believe the Plaintiff's payment amount has changed.  (*Id.*).  Neither the recorded message nor Plaintiff's own affidavit would allow for a reasonable jury to return a verdict in Plaintiff's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be granted.  An appropriate order will follow.

       */s/ Anne E. Thompson*
       ANNE E. THOMPSON, U.S.D.J.